## UNITED STATES BANKRUPTCY COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE:  Major R. Rainey<br><u>Debtor</u> | CHAPTER 13<br><br>CASE NO. 13-20060 JKF |
| Major R. Rainey<br><u>Plaintiff</u><br><br><u>vs.</u><br><br>JPMorgan Chase Bank, National Association<br><u>Defendant</u> | Adversary No. 13-2133<br><br>Related to Document No. 1<br><br>Answer to Debtor's Complaint to Determine the Value of Creditor's Allowed Secured Claim<br><br>Pre-Trial Conference:  5/29/13 at 8:30 AM |

**<u>Answer of JPMorgan Chase Bank, National Association to Debtor's Complaint</u>**
**<u>to Determine the Value of Creditor's Allowed Secured Claim</u>**

Defendant, JPMorgan Chase Bank, National Association, by and through its counsel, KML Law Group, P.C., hereby responds to Debtor's Complaint to Determine the Value of Creditor's Allowed Secured Claim, as follows[1]:

1. Denied as conclusion of law.

2. Denied as conclusion of law.

3. Denied as conclusion of law.

4. Admitted in part, denied in part.  While it is admitted that Major R. Rainey is Plaintiff, Defendant is without knowledge sufficient to form a belief as to where Plaintiff resides, and therefore this allegation is denied.

5. Admitted.

6. Admitted.

7. Admitted.

8. Admitted in part, denied in part.  It is admitted that Plaintiff was the owner of the subject real property at the time of the filing of the bankruptcy petition.  Defendant is without knowledge sufficient to form a belief as to whether this property is or is not his principal residence, and therefore this allegation is denied.

---

[1] While it is acknowledged that Defendant's Answer is being filed exactly one (1) day past the Court-Ordered May, 9, 2013 response deadline, counsel was not retained by Defendant for purposes of defending this adversary until May 10, 2013, the same day the Answer is being filed.

9.   Denied.  By way of further response, Defendant has been instructed to obtain an appraisal and/or property valuation as soon as possible for purposes of defending this adversary.

10. Admitted in part, denied in part.  It is admitted that Defendant holds a first mortgage on the subject property.  All remaining allegations are denied.

11. Admitted.

12. Denied.  Defendant is without knowledge sufficient to form a belief as to each of the allegations contained in this paragraph, and therefore they are denied.

13. Denied as conclusion of law.

14. Denied as conclusion of law.


<u>AFFIRMATIVE DEFENSES</u>

15.  Plaintiff fails to state a claim upon which relief can be granted.

16.  Plaintiff's claims are barred by the doctrine of Estoppel.

17.  Plaintiff's claims are barred by the applicable statutes of limitations.

18.  Plaintiff's claims are barred by the Doctrine of Waiver.

19.  Plaintiff's claims are barred by the Doctrine of Latches.

20.  Plaintiff's claims barred by the doctrine of accord and Satisfaction.


**/s/ Andrew F. Gornall, Esquire ____**
Andrew F. Gornall, Esquire
Attorney I.D. 92382
AGornall@kmllawgroup.com
KML Law Group, P.C.
701 Market Street
Suite 5000
Philadelphia, PA 19106
(215) 825-6311
Attorney for Defendant

Date: May 10, 2013